628

MARIO GARCÍA GRANADO, RAMÓN LUIS RIVERA, ALICIA VEGA ALAMEDA, JULES GORDIÁN y OLGA ECHEVARRÍA, demandantes y recurridos, *v.* JOSÉ LUCIANO HERNÁNDEZ, demandado y peticionario.

*Número:* R-84-346     *Resuelto:* 4 de septiembre de 1984

*Héctor Lugo Bougal,* abogado del recurrente; *Israel Rivera Espada,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

En marzo de 1980, José Luciano Hernández fue encontrado culpable y sentenciado a satisfacer una multa por infringir el Art. 8.021(f) de la entonces Ley Electoral, 16 L.P.R.A. sec. 3371, por repartir propaganda en un colegio de

inscripción. El fallo no fue alterado en los trámites apelativos. Oportunamente satisfizo la multa que le fue impuesta.

Transcurrieron los años. Luciano Hernández optó por postularse nuevamente como candidato a la Cámara de Representantes por el Partido Nuevo Progresista (P.N.P.), por el Precinto 56 del Distrito Núm. 24 de Ponce, para estas elecciones. Varias personas, entre ellas el candidato derrotado en las primarias celebradas, Mario García Granado, impugnaron infructuosamente la candidatura de Luciano Hernández ante dicha colectividad. Presentaron ante el Tribunal Superior, Sala de Ponce, una acción para descalificar su candidatura, 16 L.P.R.A. sec. 3157. Recibida la prueba, dicho foro lo descalificó. A solicitud de Luciano Hernández revisamos y disponemos del recurso con la prontitud y urgencia que amerita.

I

En esencia, alega que incidió el tribunal de instancia al no resolver sus planteamientos constitucionales. Aduce que aplicar los Arts. 4.007 —Trámite de impugnación de candidatura—, 4.017 —facultad de los tribunales de descalificar— y 8.020 de la Ley Electoral a su caso resulta inconstitucional. Argumenta una violación al principio fundamental de la igual protección de las leyes, pues irrazonablemente distingue entre convictos por delitos electorales y el resto de los convictos al descalificar solamente a los primeros como candidatos. Finalmente sostiene que ello coarta su derecho fundamental "a elegir y ser elegido" y que la interpretación brindada por el Tribunal Superior le priva permanentemente de ser candidato a puesto electivo, pues ello constituye un castigo cruel e inusitado.

II

Tiene razón y procede revocar la sentencia.

El Art. 8.020 de la Ley Electoral, 16 L.P.R.A. sec. 3370, reza:

Todo candidato que fuere convicto por la Comisión de algún delito electoral en adición a las penalidades dispuestas en este Subtítulo, estará sujeto a cualquier acción de descalificación como candidato por el Tribunal Superior, según se dispone en este Subtítulo.

Por su parte, el Art. 4.017 (16 L.P.R.A. sec. 3167) autoriza al Tribunal Superior a descalificar a cualquier candidato si no ha cumplido con los requisitos de ley, de la Constitución o si hubiere violado cualesquiera de las disposiciones de la Ley Electoral. Y el Art. 4.007 (16 L.P.R.A. sec. 3157) prescribe el procedimiento a seguir.

En las circunstancias de autos, resolvemos que la violación por Luciano Hernández a la Ley Electoral en el cuatrienio anterior al correspondiente a la última elección no es fundamento suficiente para descalificarle como candidato en ésta.

▪ Primeramente, hemos de aclarar que no es ajena al espíritu y propósito legislativo la supuesta clasificación. En el contexto de la ley concluimos que existe un nexo racional con el objetivo de disuadir a los candidatos de violar sus disposiciones. 36 Diario de Sesiones de la Asamblea Legislativa (Senado) Núm. 14 (1982). No es absoluto ni existe el alegado derecho fundamental a ser candidato a un puesto electivo.

▪ El verdadero problema constitucional surge con la falta de términos de vigencia en los Arts. 8.020 y 4.017. Una interpretación literal y restrictiva conllevaría que una persona convicta por delito electoral pueda ser descalificada por este solo fundamento en cualquier proceso electoral posterior como candidata a puesto electivo. Otra interpretación —a tono con el espíritu de los tiempos y las limitaciones de nuestra Constitución— restringiría esos artículos a la convicción por delitos electorales dentro de dicho cuatrienio eleccionario. Nos inclinamos por este último enfoque. El fundamento de descalificación representaba un castigo adicional al impuesto en el proceso penal. A base de su naturaleza punitiva, hemos de optar por la interpretación restrictiva como

la más razonable. La vaguedad en el castigo a imponerse debe interpretarse a favor del acusado. Rechazamos la tesis de castigo perpetuo que encontró eco ante la ilustrada sala sentenciadora. *Mari Bras* v. *Alcaide*, 100 D.P.R. 506, 517 (1972). De este modo evitamos toda incursión en la dimensión de la Constitución y un choque que conduzca a un decreto de inconstitucionalidad.

Aparte de lo expuesto, y aun desde el punto de vista más favorable a la parte recurrida, existe otro fundamento para revocar. Después de impugnar infructuosamente ante su colectividad la candidatura del señor Luciano Hernández, la parte recurrida se cruzó de brazos. Se celebraron las primarias. Triunfó Luciano Hernández. Fue entonces que la parte perdidosa acudió al tribunal. Por razón de incuria debió también denegarse su acción.

*Se dictará sentencia revocatoria.*

El Juez Asociado Señor Rebollo López no intervino.