Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Gabriel J. Sicardó Ocasio<br><br>Recurrente<br><br>vs.<br><br>Partido Nuevo Progresista; Recurrido Desconocido; Aseguradoras "X", "Y", "Z"<br><br>Recurridos<br><br>Comisión Estatal de Elecciones<br><br>Parte Con Interés | KLRA202400002 | **REVISIÓN ADMINISTRATIVA** procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil Núm.: CT2023CV00172<br><br>Sobre: Acción Civil Revisión Judicial/Código Electoral, Injunction, Libelo Calumnia o Difamación, Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de enero de 2024.

Comparece ante nos, el señor Gabriel J. Sicardó Ocasio (Sr. Sicardó Ocasio o recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "Sentencia" emitida el 22 de diciembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario declaró Ha Lugar la "Moción de Desestimación" presentada por el Partido Nuevo Progresista (PNP o recurrido), y desestimó el recurso presentado por el recurrente.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

---

[1] Notificada en igual fecha.

Número Identificador

SEN2024 _____

**I.**

El 14 de diciembre de 2023, el Sr. Sicardó Ocasio presentó un recurso ante el Tribunal de Primera Instancia, solicitando la revisión de la determinación emitida el 4 de diciembre de 2023,[2] por el Directorio del PNP. En esencia, el Directorio del PNP dejó sin efecto la certificación emitida por el Comité de Evaluación de Candidatos del PNP (en adelante, Comité), y descalificó al Sr. Sicardó Ocasio como aspirante para la candidatura de la alcaldía del Municipio de Cataño. En su escrito, el recurrente alegó que, el Directorio del PNP actuó de forma *ultra vires*, arbitraria y caprichosa. Asimismo, arguyó que, se le violentó su debido proceso de ley, toda vez que no se le notificó el escrito de apelación presentado ante Directorio del PNP, y tampoco se le otorgó la oportunidad de ser oído.

Así las cosas, el 19 de diciembre de 2023, el PNP presentó una "Moción de Desestimación", y afirmó que la descalificación del Sr. Sicardó Ocasio se hizo conforme a derecho y la ley aplicable. Argumentó que, el procedimiento efectuado ante el Directorio del PNP no fue uno *ultra vires*, sino que se hizo de conformidad con la reglamentación aplicable. Sobre este particular, esgrimió que: (1) el Comité hizo su recomendación, (2) el Directorio del PNP pasó juicio sobre dicha recomendación y tomó una determinación, (3) esta determinación fue notificada al recurrente, y (4) se le advirtió sobre su derecho a revisión judicial. Además, sostuvo que, la determinación del Directorio del PNP no se basó en meras especulaciones o conjeturas, sino que, para determinar la viabilidad e idoneidad del candidato, se consideraron distintos factores, entre ellos, las circunstancias detrás de su nombramiento y confirmación como Vice-Alcalde del municipio de Cataño en la víspera de la renuncia del anterior alcalde. Finalmente, destacó

---

[2] Notificada el 7 de diciembre de 2023.

que se cumplieron las exigencias de un debido proceso, en vista de que el proceso efectuado es una evaluación de candidatura, a la cual el Sr. Sicardó Ocasio no posee un derecho absoluto.

Ese mismo día, entiéndase, el 19 de diciembre de 2023, el foro *a quo* celebró vista, y ambas partes argumentaron sus respectivas posiciones con relación a la "Moción de Desestimación" presentada por el PNP. Durante la audiencia, la parte recurrida indicó que, el tribunal carecía de jurisdicción para atender el asunto. Ante dicho planteamiento, se les concedió a ambas partes oportunidad para presentar sus argumentos por escrito.

A tenor con esto, el PNP presentó una "Moción de Desestimación Suplementaria", y solicitó la desestimación por falta de jurisdicción porque, a pesar de que el recurso se presentó en fecha hábil, no se le notificó dentro del término dispuesto para ello.

Mediante escrito titulado "Oposición a Desestimación", el Sr. Sicardó Ocasio manifestó que, el tribunal posee jurisdicción para atender el asunto, ya que el recurso de revisión judicial fue presentado y notificado en término.

Atendidas las posiciones de ambas partes, el 22 de diciembre de 2023,[3] el Tribunal de Primera Instancia emitió "Sentencia" mediante la cual declaró Ha Lugar la "Moción de Desestimación" presentada por el PNP, y desestimó el recurso presentado por el recurrente. Fundamentó su determinación en la ausencia de reglamentación que exija la notificación de un escrito de apelación presentado ante el Directorio del PNP. A su vez, razonó que tampoco existe reglamentación alguna que requiera la celebración de una vista ante el Directorio del PNP. Adicionalmente, consideró el hecho de que los argumentos esbozados en el escrito de apelación fueron los mismos vertidos en la querella original, sobre la cual el Sr. Sicardó Ocasio tuvo la oportunidad de expresarse y

---

[3] Notificada en igual fecha.

defenderse. Por último, consideró que, aunque el Comité hace una recomendación, es el Directorio del PNP quien efectúa la determinación final sobre la cualificación del aspirante. En ese contexto, concluyó que no se violentó el debido proceso de ley del recurrente.

En su "Sentencia", el foro primario hizo las siguientes determinaciones de hecho, las cuales hacemos formar parte de nuestro dictamen:

*1. El recurrente Gabriel J. Sicardó Ocasio es mayor de edad, soltero, abogado, elector debidamente inscrito, afiliado al Partido Nuevo Progresista y vecino de Cataño, Puerto Rico.*

*2. El Partido Nuevo Progresista es un partido político principal, según lo determina el Código Electoral de Puerto Rico de 2020. Su sede se encuentra en Avenida Kennedy, San Juan, Puerto Rico.*

*3. A las 10:20 a.m. del 20 de octubre de 2023, y dentro del término dispuesto para la radicación de candidaturas a puestos electivos para las Elecciones Generales de 2024, el recurrente presentó ante el PNP su candidatura agrupada para alcalde del Municipio de Cataño, junto a sus once (11) legisladores municipales.*

*4. A menos de tres (3) horas del recurrente haber presentado sus documentos en la Oficina del Comisionado Electoral, el Sr. Luis Omar Aponte Rodríguez, quien ocupa un puesto de confianza en la alcaldía del Municipio de Cataño, presentó una querella ante el Comité Evaluador de Candidaturas del PNP impugnando la candidatura del recurrente.*

*5. En apretada síntesis, los argumentos presentados por el Sr. Luis Omar Aponte Rodríguez para impugnar la candidatura del recurrente fueron los siguientes:*

> *a. Sus finanzas para los años 2014 al 2016 reflejaban ingresos bajos y dispares cuando se comparaban con sus ingresos en otros años y que, pese a sus respuestas, la diferencia entre sus ingresos para esos años creó cuestionamientos que no fueron atendidos satisfactoriamente para el Directorio.*

> *b. Como Director de Asuntos Legales del Municipio, recomendó la contratación de JR Asphalt y recomendó las cláusulas contractuales. Para el Directorio resultó en gran consternación que un contrato objeto de un procedimiento criminal en el foro federal haya sido recomendado por el señor Sicardó.*

*c. Cuando se desempeñaba como Director de la División Legal y Asuntos Públicos, el Municipio suscribió un contrato con Bou Maintenance Service Corp., Inc., a través del cual el exalcalde Delgado Montalvo recibía servicios de transportación en un carro de lujo marca Cadillac por $4,500.00 al mes. El Directorio consideró que lo anterior representó un gasto excesivo e innecesario que no adelantaba el bienestar del Municipio. Sin embargo, el señor Sicardó certificó que dicho contrato cumplía con todos los requerimientos de ley y la reglamentación aplicable. A su vez, el señor Sicardó intentó defender dicho contrato en los medios. Para el Directorio, sus acciones no reflejaron la sana administración pública a la que el PNP aspira para los candidatos que representan nuestra insignia en una papeleta.*

*d. Para el Directorio generó gran reparo la forma en la que fue designado y confirmado como vicealcalde del Municipio con el objetivo específico de que se convirtiera en el sucesor inmediato del entonces alcalde. El exalcalde Delgado Montalvo presentó su renuncia luego de que la Legislatura confirmara su designación como vicealcalde. Aunque la posición de vicealcalde no estaba vacante, la persona que la ocupaba fue sustituida el día anterior de la renuncia del exalcalde, cuando había acordado declararse culpable y conocía la necesidad de renunciar para que el señor Sicardó pudiera ser designado al puesto. Luego de declararse culpable, y mientras se disculpó públicamente con el Municipio por sus acciones, el exalcalde expresó en su carta de renuncia su "inequívoco deseo e interés que sea el propio licenciado Gabriel J. Sicardó Ocasio quien dirija el futuro de nuestra administración municipal como Alcalde de Cataño en propiedad". La carta fue leída y discutida en la reunión del Directorio, quienes determinaron que la forma en que se llevó a cabo el proceso de designación del señor Sicardó, del que él mismo fue partícipe, tampoco reflejó la sana administración pública al que el PNP aspira para sus aspirantes.*

*6. Así las cosas, y siendo el único candidato, el 19 de diciembre de 2021, Julio Alicea Vasallo juramentó como alcalde del Municipio.*

*7. Sobre lo anterior, hubo incluso un procedimiento judicial a través del cual el señor Sicardó intentó impugnar la determinación del Directorio del PNP. En el mismo procedimiento, el señor Sicardó solicitó al Tribunal que se impusiera un desacato al PNP, así como que se declarara nula la determinación del Directorio. Dicha Solicitud fue declarada No Ha Lugar por el Honorable Tribunal. Véase, procedimiento civil número SJ2021CV08188.*

*8. El 20 de octubre de 2023 el señor Sicardó presentó su candidatura a la alcaldía de Cataño para la contienda electoral del 2024. No obstante, ninguno de los hechos aludidos anteriormente se han modificado, por lo que este Comité debe someter una recomendación negativa sobre el señor Sicardó como candidato.*

*6. El 24 de octubre de 2023, mediante correo electrónico, la Lcda. Luisa M. Colón, le notificó al recurrente la Resolución del Comité Evaluador sobre la existencia de una querella en su contra y le concedió el término de tres (3) días laborables para contestar dicha querella.*

*7. En cumplimiento con el término concedido, el 27 de octubre de 2023, por correo electrónico, el recurrente presentó su contestación a la querella, debidamente juramentada, junto a varios documentos en apoyo a su escrito.*

*8. En apretada síntesis, el recurrente presentó sus argumentos para cada uno de los fundamentos presentados por el querellante y alegó que la querella no contenía aseveraciones que requirieran la concesión de remedio alguno, sobre todo si se tomaba en cuenta que el escrito presentado estaba basado en meras especulaciones y conjeturas, lo cual estaba prohibido en los reglamentos del PNP.*

*9. Cuatro (4) días más tarde, el 31 de octubre de 2023, el recurrente recibió un correo electrónico de la Secretaría del Partido Nuevo Progresista confirmando escuetamente el recibo de la contestación a la querella con un "Recibido. gracias".*

*10. Luego de una evaluación de los documentos presentados por el recurrente, en conjunto con la querella presentada en su contra, el 3 de noviembre de 2023, el Comité Evaluador, por mayoría, no encontró mérito en la mencionada querella. Señaló, además, que la Lcda. Ana Quintero se había inhibido del proceso.*

*11. Cerca del mediodía del 3 de noviembre de 2023, la parte recurrente recibió una llamada telefónica de la Sra. Rosa Vellón Márquez, Ayudante Ejecutiva/Directora de Radicaciones de la Oficina del Comisionado Electoral del PNP, para solicitarle una certificación actualizada de los estados de cuenta del Centro de Recaudación de Ingresos Municipales a nombre de la aspirante a legisladora municipal, Damaris Ivette Miranda Maisonave.*

*12. El 6 de noviembre de 2023, el recurrente le envió a la Sra. Rosa Vellón Márquez, a través de su correo electrónico, los estados de cuentas solicitados. Este mensaje fue respondido por la Sra. Vellón en esa misma fecha.*

*13. El 7 de noviembre de 2023, de conformidad con la Ley Núm. 58-2020, conocida como "El Código Electoral de Puerto Rico de 2020" (en adelante, el Código Electoral de 2020) y el Reglamento del PNP aprobado el 20 de marzo de 2022, el Lcdo. Hiram J. Torres Montalvo, Secretario del PNP emitió una certificación determinando que el recurrente Gabriel J. Sicardó Ocasio, había cumplido con todos los requisitos establecidos en el Reglamento para la Radicación de Candidaturas y los Procesos de Primarias 2024 y el Reglamento de Evaluación de Aspirantes a Cargos Públicos por Elección, para aspirar como candidato a alcalde del Municipio de Cataño para el proceso primarista por el PNP a celebrarse en el mes de junio de 2024.*

*14. No conforme con la determinación del Comité Evaluador, el 13 de noviembre de 2023, el Sr. Luis Omar Aponte Rodríguez, presentó ante el Directorio del PNP el documento intitulado "Apelación Querella", en las oficinas del PNP.*

*15. El recurrente advino en conocimiento de la existencia de la apelación a través de los medios de comunicación.*

*16. No obstante, y a pesar de no haber sido notificado de la existencia del documento "Apelación Querella", el 27 de noviembre de 2023, el recurrente, mediante carta notificada por correo electrónico, le solicitó al Presidente del PNP, Lcdo. Pedro R. Pierluisi Urrutia y al Directorio del PNP, la oportunidad de ser escuchado, de ser interrogado y de presentar las defensas correspondientes. La solicitud del recurrente nunca fue contestada como recibida por funcionario alguno del partido.*

*17. El lunes 4 de diciembre de 2023 el pleno del Directorio, en reunión celebrada en esa misma fecha, determinó revocar la determinación del Comité Evaluador que había certificado la candidatura agrupada del recurrente, descalificándolo como aspirante a alcalde por el Municipio de Cataño bajo la insignia del PNP junto a sus once (11) aspirantes a legisladores municipales. Pese a haber solicitado la oportunidad de ser escuchado y presentar evidencia a su favor, el recurrido no fue invitado a participar de la mencionada reunión del Directorio.*

*18. En esa misma fecha, al filo de las 8:48 p.m., el recurrente se enteró por la prensa sobre la determinación del PNP de no cualificarlo como aspirante a alcalde del Municipio de Cataño.*

*19. El 7 de diciembre de 2023, el PNP le notificó al recurrente, por correo electrónico, la carta de descalificación como candidato a alcalde del Municipio de Cataño. Con esta determinación se completaron los remedios disponibles al recurrente dentro del PNP.*

Inconforme, el 22 de diciembre de 2023, el Sr. Sicardó Ocasio presentó "Urgente Reconsideración", y reiteró sus argumentos en cuanto a que el Directorio del PNP actuó *ultra vires* y le violentó su debido proceso de ley.

Evaluada su petición, el 25 de diciembre de 2023,[4] el foro recurrido emitió "Resolución", y declaró No Ha Lugar la "Urgente Reconsideración" presentada por el recurrente.

Aún insatisfecho, el Sr. Sicardó Ocasio recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores, a saber:

A. *Erró y abusó de su discreción el Foro de Instancia al concluir en su Sentencia que a la parte recurrente no se le violó su debido proceso de Ley al no habérselo notificado el documento titulado "Apelación-Querella" ni habérsele dado la oportunidad de ser oído en cuanto a dicho documento y refutarlo.*

B. *Erró y abusó de su discreción el Foro de Instancia al desestimar la demanda del caso de epígrafe pese a que los hechos de la misma dan cuenta que el directorio del PNP actuó de forma ultra vires, arbitraria y caprichosamente al descalificar a la parte recurrente como candidato a Alcalde de Cataño pese a que cumple con todos los requisitos para fungir como candidato y no hay investigación ni procedimiento civil, penal ni administrativo contra la parte recurrente.*

**II.**

**-A-**

La Constitución de Puerto Rico establece que ninguna persona será privada de su libertad o propiedad sin un debido proceso de ley. Véase, Art. II, Sec. 7 Const. ELA, LPRA, Tomo 1; Emdas. V y XIV, Const. EE. UU., LPRA, Tomo 1. Esa protección constitucional se manifiesta en dos vertientes distintas, a saber: (1) vertiente sustantiva, y (2) vertiente procesal. *Meléndez de León et al. v. Keleher et al.*, 200 DPR 740, 759 (2018). En lo pertinente, esta última "impone al Estado la obligación de garantizar que la

---

[4] Notificada el 26 de diciembre de 2023.

interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo". *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 887-888 (1993).

Por lo que, cuando el Estado atenta contra el interés libertario o propietario de una persona, deberá resguardar las garantías siguientes: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el expediente. *Vázquez González v. Mun. de San Juan*, 178 DPR 636, 643 (2010).

De esta forma, el Estado cumple con garantizar el debido proceso de ley en su modalidad procesal, y a su vez, asegura que sus actuaciones sean justas e imparciales. *Díaz Carrasquillo v. García Padilla*, 191 DPR 97, 111 (2014). Por lo anterior, nuestro Alto Foro ha sido enfático en que, para poder privar a un individuo de su libertad o propiedad, es necesario que se le otorgue la oportunidad de ser oído antes de que se adjudique el derecho involucrado, pues, de lo contrario, se laceraría el debido proceso. *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, *supra*, a la pág. 889.

**-B-**

La Constitución de Puerto Rico reconoce varios derechos fundamentales, entre éstos, los derechos a la libertad de asociación y el derecho al voto. Véase, Art. II, Const. ELA, LPRA, Tomo 1, ed. 1999, pág. 279. Ambos preceptos constitucionales viabilizan el derecho de las personas a asociarse y organizarse, con el propósito de formar y afiliarse a agrupaciones políticas, y proponer candidatos en el proceso electoral. *P.N.P. v. De Castro Font II*, 172 DPR 883, 893 (2007).

No obstante su carácter fundamental, ninguno de estos derechos es absoluto. *Íd.* a las págs. 893-894. La propia Constitución delega en la Asamblea Legislativa la facultad para legislar en asuntos de materia electoral, con el propósito de aprobar aquella reglamentación que garantice un proceso electoral justo, honesto y democrático. *McClintock v. Rivera Schatz*, 171 DPR 584, 24 (2007).

Por otro lado, y en armonía con el derecho a la libertad de asociación, la ley permite exigir, como requisito para la afiliación a un partido político, que los afiliados acepten y cumplan con los reglamentos y el programa de gobierno. *P.N.P. v. De Castro Font II*, *supra*, a la pág. 897. A tales efectos, la Ley Electoral permite al partido establecer los límites que estime convenientes, con el propósito de cualificar y decidir respecto a la idoneidad de un aspirante. Véase, Art. Art. 7.2 del Código Electoral de 2020, *infra.*

En ese sentido, **un partido puede denegar una solicitud de un aspirante a primarias cuando el solicitante haya incurrido en manifestaciones o conductas incompatibles con los dogmas de la agrupación política**. *P.N.P. v. De Castro Font II*, *supra*, a la pág. 899. En estos casos, la intervención judicial solo se dará en situaciones excepcionales. *Íd.* Por ejemplo, se activa la autoridad de los tribunales para intervenir cuando se haya quebrantado el principio constitucional de no discriminación o de igual protección de las leyes. *Íd.*, a la pág. 900.

-C-

El Art. 7.2 de la Ley Núm. 58-2020, 16 LPRA sec. 4612, mejor conocida como el Código Electoral de Puerto Rico de 2020 (en lo sucesivo, Código Electoral de 2020), enumera aquellos requisitos legales con los cuales un aspirante debe cumplir para ser calificado como candidato a un cargo público electivo. A su vez dispone que "[l]**os Partidos Políticos podrán reglamentar los**

**requisitos internos para que sus afiliados puedan aspirar a un cargo en su reorganización interna o aspirar en primarias a la candidatura de un cargo público electivo**". *Íd.* (Énfasis nuestro). Por consiguiente, **toda persona que desee aspirar a una candidatura para un cargo público electivo por un Partido Político deberá**, **no tan solo cumplir con los requisitos en ley**, **sino también** "**cumplir con los requisitos que establezca su Partido Político**". *Íd.* (Énfasis suplido).

Por otro lado, el Art. 7.6 del Código Electoral de 2020, 16 LPRA sec. 4616, reconoce la posibilidad de que un partido político rechace la intención de aspiración primarista de una persona o su candidatura a cargo público. En términos literales, el precitado artículo establece lo siguiente:

> *(1) Un Partido Político podrá rechazar la intención de aspiración primarista de una persona o su candidatura a cargo público por las siguientes razones:*
>
> > *(a) **Que la persona no ha cumplido con los requisitos establecidos en esta Ley y/o los reglamentos de primarias aprobados por la Comisión o por el Partido Político concernido**.*
> >
> > *(b) Que la persona ha violado cualquiera de las disposiciones de esta Ley, de la Ley 222- 2011, según enmendada, conocida como "Ley para la Fiscalización del Financiamiento de Campañas Políticas en Puerto Rico", **o de algún reglamento promulgado conforme a estas leyes o del Partido Político concernido**, con especificación de la sección incumplida.*
> >
> > *(c) Que la persona no cumple con alguna disposición constitucional.*
>
> *No obstante, las mencionadas razones, ningún Partido Político podrá incorporar una disposición ex post facto a sus reglamentos para considerarla como la causal de este tipo de descalificación.*

(Énfasis provisto).

### -D-

Finalmente, en virtud de la facultad extendida por la Ley Electoral, respecto a la autoridad de los partidos políticos para

enumerar los criterios pertinentes a los fines de que determinado aspirante pueda cualificar para un cargo electivo bajo su insignia, el PNP promulgó el Reglamento del Partido Nuevo Progresista (en adelante, Reglamento del PNP). En lo pertinente, el Art. 69 del referido cuerpo reglamentario dispone que el Comité de Evaluación de Candidatos es el organismo encargado de evaluar los méritos y requisitos de los aspirantes a cargos públicos por elección.

Este Comité posee "la facultad para evaluar y pasar juicio sobre la idoneidad de cualquier aspirante o candidato en términos de su conducta, historial y circunstancias. **De tal modo que se asegure que ninguna aspiración o candidatura resulte lesiva a los mejores intereses del Partido y de Puerto Rico**". *Íd.* (Énfasis nuestro). Ahora bien, **la evaluación que hace el Comité constituye una recomendación**, **por lo que el Directorio siempre tomará la determinación final**. *Íd.*

### III.

Por estar estrechamente relacionados, discutiremos ambos señalamientos de error de manera conjunta.

En su escrito, el Sr. Sicardó Ocasio alega que se le violentó su debido proceso de ley, toda vez que no se le otorgó oportunidad de ser oído o presentar evidencia a su favor. Su contención es que, los reglamentos aplicables "nada dispone[n] sobre las garantías que el Partido debe proveerle al querellado cuando se presentan quejas o querellas en su contra, luego de haber sido calificado por el Comité Evaluador".[5] Por lo que, "ante la inexistencia de un procedimiento en los reglamentos internos del PNP… lo mínimo que debió garantizarle a la parte recurrente es la oportunidad de ser escuchado y presentar sus defensas, argumentos y evidencia a su favor".[6]

---

[5] Véase, apéndice pág. 10.
[6] *Íd.*

En otras palabras, la postura del recurrente es que el proceso ante el Directorio del PNP fue *ultra vires*, debido a que: (1) no se le notificó el escrito de apelación presentado ante dicho cuerpo, y (2) se le tenía que conceder derecho a ser oído y defenderse. A su entender, la determinación del Directorio del PNP fue una arbitraria y caprichosa, basada en meras especulaciones y conjeturas. No le asiste la razón.

De entrada, debemos hacer hincapié en que, conforme el derecho discutido en el acápite anterior, el Estado tiene que garantizar el debido proceso de ley en su modalidad procesal cuando atenta contra algún interés libertario o propietario. Según el recurrente, este posee, como elector *bona fide* y miembro del PNP, un derecho a ser considerado como aspirante a cualquier cargo electivo. Sin embargo, tal y como ha expresado nuestro Máximo Foro, "**[n]o es absoluto ni existe [un] alegado derecho fundamental a ser candidato a un puesto electivo**". *García v. Luciano*, 115 DPR 628, 630 (1984). (Énfasis suplido).

Esto es evidente cuando el propio Código Electoral dispone que, para poder aspirar a un cargo público electivo, resulta necesario que el aspirante esté calificado y, como tal, deberá cumplir con los requisitos establecidos en ley y los reglamentos, incluyendo los reglamentos del partido. Véase, Art. 7.6 del Código Electoral de 2020, *supra*. **La ley concede al elector un derecho estatutario a que se le considere**, **no a que se le nomine como aspirante**. Véase, Art. 7.10 del Código Electoral de 2020, 16 LPRA sec. 4620; *P.N.P. v. De Castro Font II, supra*, a la pág. 896.

En el caso de autos, el recurrente fue considerado y evaluado por el Comité, el cual certificó su candidatura agrupada. Posteriormente, el pleno del Directorio determinó revocar la determinación del Comité, descalificándolo como aspirante a alcalde por el Municipio de Cataño bajo la insignia del PNP. **Este**

**trámite demuestra que al Sr. Sicardó Ocasio no se le coartó su derecho estatutario, pues, aunque no fue nominado al cargo público al cual aspiró, sí fue considerado para el mismo.**

Un partido político está obligado a realizar primarias, siempre y cuando haya más de un aspirante calificado. Véase, Art. 7.10 del Código Electoral de 2020, *supra.* O sea, cuando haya más de "un elector afiliado que figure en el registro de miembros afiliados al partido, que preste juramento en el que acepte ser postulado como candidato **y acatar el reglamento de su partido, y que cumpla tanto con los requisitos constitucionales aplicables al cargo como con los otros requisitos formales.**" *P.N.P. v. De Castro Font II, supra,* a la pág. 896. (Énfasis provisto).

En el presente caso, el Directorio del PNP descalificó al Sr. Sicardó Ocasio como aspirante para la candidatura de la alcaldía del Municipio de Cataño. Los fundamentos para tal proceder fueron los siguientes:

> *a. Sus finanzas para los años 2014 al 2016 reflejaban ingresos bajos y dispares cuando se comparaban con sus ingresos en otros años y que, pese a sus respuestas, **la diferencia entre sus ingresos para esos años creó cuestionamientos que no fueron atendidos satisfactoriamente para el Directorio.***

> *b. Como Director de Asuntos Legales del Municipio, recomendó la contratación de JR Asphalt y recomendó las cláusulas contractuales. **Para el Directorio resultó en gran consternación que un contrato objeto de un procedimiento criminal en el foro federal haya sido recomendado por el señor Sicardó.***

> *c. Cuando se desempeñaba como Director de la División Legal y Asuntos Públicos, el Municipio suscribió un contrato con Bou Maintenance Service Corp., Inc., a través del cual el exalcalde Delgado Montalvo recibía servicios de transportación en un carro de lujo marca Cadillac por $4,500.00 al mes. El Directorio consideró que lo anterior representó un gasto excesivo e innecesario que no adelantaba el bienestar del Municipio. **Sin embargo, el señor Sicardó certificó que dicho contrato cumplía con todos los requerimientos de ley y la reglamentación aplicable. A su vez, el señor Sicardó intentó defender dicho contrato en los***

*medios. **Para el Directorio, sus acciones no reflejaron la sana administración pública a la que el PNP aspira para los candidatos que representan nuestra insignia en una papeleta.***

*d. **Para el Directorio generó gran reparo la forma en la que fue designado y confirmado como vicealcalde del Municipio con el objetivo específico de que se convirtiera en el sucesor inmediato del entonces alcalde.** El exalcalde Delgado Montalvo presentó su renuncia luego de que la Legislatura confirmara su designación como vicealcalde. Aunque la posición de vicealcalde no estaba vacante, la persona que la ocupaba fue sustituida el día anterior de la renuncia del exalcalde, cuando había acordado declararse culpable y conocía la necesidad de renunciar para que el señor Sicardó pudiera ser designado al puesto. Luego de declararse culpable, y mientras se disculpó públicamente con el Municipio por sus acciones, el exalcalde expresó en su carta de renuncia su "inequívoco deseo e interés que sea el propio licenciado Gabriel J. Sicardó Ocasio quien dirija el futuro de nuestra administración municipal como Alcalde de Cataño en propiedad". **La carta fue leída y discutida en la reunión del Directorio, quienes determinaron que la forma en que se llevó a cabo el proceso de designación del señor Sicardó, del que él mismo fue partícipe, tampoco reflejó la sana administración pública al que el PNP aspira para sus aspirantes.**[7]*

(Énfasis nuestro).

Como ya discutimos, los Partidos Políticos pueden reglamentar los requisitos internos, para que sus afiliados puedan aspirar a un cargo público electivo. Esto implica que, toda persona que desee aspirar a una candidatura para un cargo público electivo por un Partido Político tiene que cumplir, no tan solo con los requisitos establecidos en la Ley Electoral, **sino también con los criterios que establezca su Partido Político a través de su reglamento**. Si el aspirante no cumple con los requisitos establecidos en el Código Electoral y/o los reglamentos aprobados por el Partido Político concernido, el Partido Político está facultado en ley para rechazar su intención de aspiración primarista. El

---

[7] Según aclaró el foro recurrido en su "Sentencia", éstos fueron los argumentos presentados por el Sr. Luis Omar Aponte Rodríguez para impugnar la candidatura del Sr. Sicardó Ocasio. Dichos argumentos fueron los mismos fundamentos adoptados por el Directorio del PNP. Véase, determinación de hecho número 5; nota al calce número 3.

Reglamento del PNP claramente dispone la necesidad de evaluar y pasar juicio sobre la idoneidad de cualquier aspirante, con el propósito principal de asegurar "**que ninguna aspiración o candidatura resulte lesiva a los mejores intereses del Partido y de Puerto Rico**". Véase, Art. 69 del Reglamento del PNP. (Énfasis suplido).

En el caso de marras, el Directorio del PNP descalificó al Sr. Sicardó Ocasio como aspirante para la candidatura de la alcaldía del Municipio de Cataño, por entender que sus acciones no reflejaron la sana administración pública a la que el PNP aspira. En otras palabras, **el Directorio del PNP determinó que, el historial administrativo del recurrente y las circunstancias que rodearon su confirmación como vicealcalde del Municipio tienen un impacto negativo sobre el mensaje que el PNP intenta transmitir como institución**, **lesionando los mejores intereses del Partido**.

Es el Directorio quien tiene la función de actuar como el "principal custodio y responsable de la disciplina en el Partido, **incluyendo la evaluación y la adjudicación de la lealtad**, **compromiso y respeto de todos los miembros hacia la Declaración de Propósitos**, **los Reglamentos**, Resoluciones, Acuerdos **y compromisos programáticos que se hayan adoptado**". Véase, Art. 33 del Reglamento del PNP. (Énfasis provisto).

De lo anterior, resulta evidente que el Directorio del PNP estaba facultado en ley para rechazar la intención de aspiración primarista del Sr. Sicardó Ocasio, toda vez que este último incumplió con uno de criterios establecidos en el Reglamento del PNP: que ninguna aspiración resulte lesiva a los mejores intereses del Partido y de Puerto Rico.

Por otro lado, debemos resaltar que, a pesar de que el Comité posee la facultad para evaluar y pasar juicio sobre la idoneidad de cualquier aspirante o candidato, **este proceso de evaluación solo constituye una recomendación**. Una vez concluida la evaluación del aspirante, la recomendación del Comité será sometida al Directorio, organismo que tomará la determinación final de cualificación. En otras palabras, **el Directorio no está obligado a acoger la recomendación del Comité al momento de emitir su determinación final**.

Por tanto, aun cuando el Comité Evaluador no encontró mérito en la querella presentada contra el recurrente, y el Secretario del PNP emitió una certificación determinando que el recurrente había cumplido con todos los requisitos para aspirar como candidato a alcalde del Municipio de Cataño, **el Directorio del PNP no estaba impedido de descalificar al Sr. Sicardó Ocasio como aspirante para la candidatura de la alcaldía del Municipio de Cataño**.

Esto, de por sí, no violenta ningún derecho fundamental del recurrente. Este último fue descalificado por incumplir con el reglamento del partido concerniente, según lo permite el Art. 7.6 del Código Electoral de 2020, *supra*. Por ende, no podemos catalogar la determinación del Directorio del PNP como una arbitraria, caprichosa o desproporcionada. Ante este cuadro, no existe situación excepcional alguna que exija nuestra intervención judicial con la sanción impuesta. Después de todo,

> *Los partidos políticos son asociaciones de personas que creen en ciertos principios de gobierno, con el propósito de promover sus ideas políticas mediante la nominación de candidatos a puestos públicos; de controlar las estructuras gubernamentales con el propósito de formular y poner en vigor la política pública, según sus ideas y principios. Una de sus funciones básicas es escoger los candidatos comprometidos con esas ideas y principios que van a representar a los ciudadanos que las avalan con su voto. P.N.P. v. De Castro Font II, supra,* a la pág. 946.

Aunque los partidos políticos están investidos de poderes cuasigubernamentales, no es menos cierto que éstos ostentan amplia discreción para formular e interpretar su reglamentación interna y resolver sus disputas al amparo de la misma. La libertad de asociarse necesariamente presupone la libertad de un Partido para identificar, en base a sus ideas políticas, aquellas personas que constituyen esa asociación. Limitar esto sería desvalorizar la garantía constitucional a la libertad de asociación.

Finalmente, debemos mencionar que **el Sr. Sicardó Ocasio está impedido de reclamar derecho propietario alguno sobre el puesto electivo al cual aspira**. Los cargos públicos son elegidos por votación, y su tenencia no implica la propiedad del mismo. Como si fuera poco, el Reglamento del PNP no provee para la presentación de una "apelación" ante el Directorio del PNP, pues, como ya indicamos, el Comité solo emite una recomendación. Es el Directorio quien finalmente determina si certifica o no al aspirante.

Asimismo, coincidimos con el foro primario en que, a pesar de que al recurrente no se le concedió oportunidad para ser oído ante el Directorio del PNP, dicho cuerpo tuvo ante sí la "Querella" presentada ante el Comité, y la contestación provista por el Sr. Sicardó Ocasio. Tomando en cuenta que la "Apelación Querella" contiene esencialmente los mismos argumentos vertidos en la "Querella", y que el recurrente tuvo la oportunidad de expresarse en cuanto a esta, no encontramos violación alguna a su debido proceso de ley. El procedimiento interno se efectuó según los reglamentos que lo regulan, se le otorgó oportunidad para impugnar la determinación, y se le apercibió sobre su derecho de recurrir en revisión judicial. Véase, Art. 7.11 del Código Electoral de 2020, 16 LPRA sec. 4621.

Siendo esto así, el Sr. Sicardó Ocasio no posee un reclamo sustentado en hechos que justifiquen la concesión de un remedio y, consecuentemente, estamos compelidos a confirmar la "Sentencia" recurrida.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se confirma la "Sentencia" recurrida, emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones